UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLEVE MILLER,**

    Plaintiff,

v.                                    **Case No.:**

**DELACY FARM SOD INC,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CLEVE MILLER ("Mr. Miller"), by and through the undersigned attorney of record, and files this Complaint and Demand for Jury Trial against Defendant, DELACY FARM SOD, INC., ("DeLacy"), and alleges:

### NATURE OF ACTION

1. This is an action for violations of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*. ("FLSA") and §440.205, Florida Statutes ("Ch. 440, F.S.").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

3. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs and interests.

4.	Venue is proper because Plaintiff was an employee of Defendant in Gadsden County, Florida and Defendant's business is located in Gadsden County, Florida.

## THE PARTIES

5.	At all times material to this Complaint, Mr. Miller was an employee of DeLacy within the meaning of the FLSA and Ch. 440, F.S.

6.	At all times material to this Complaint, DeLacy was a Florida Corporation with its principal place of business in Gadsden County, Florida and engaging in business in Gadsden County, Florida.

7.	DeLacy is an "employer" as defined by 29 U.S.C. §203 and §440.02, Florida Statutes. Furthermore, DeLacy has employees subject to the provisions of the FLSA, 29 U.S.C. §§201 *et seq.* and Ch. 440, F.S.

8.	At all times material to this Complaint, DeLacy regularly used the instrumentalities of interstate commerce and channels of interstate commerce while operating its business. Including engaging in the production of goods or services for commerce, or employed individuals to handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

9.	At all times material to this Complaint, DeLacy had an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

10. Mr. Miller began working for Defendant full-time as a Laborer in or around 2013 and was paid on an hourly basis for his services.

11. During the entirety of Mr. Miller's employment, he was compensated at the same hourly rate for all of the work he performed for Defendant, regardless of the total number of hours worked in a given workweek. Mr. Miller routinely worked in excess of 40 hours per week for Defendant, but never received overtime pay from the company.

12. Mr. Miller raised the issue of overtime pay to Defendant's owner, John Pat Pickles, and was told that the company does not pay overtime and that if employees demand overtime pay he would simply cut their hours. Mr. Miller's most recent complaint to Defendant concerning the lack of overtime pay was shortly before his termination.

13. Mr. Miller's regular job duties were physically intensive and required a large amount of lifting, bending, squatting, and carrying heavy objects or supplies. Over the course of his employment, Mr. Miller began developing back and knee problems.

14. Mr. Miller eventually sought medical treatment in Spring 2019 from multiple providers for his back and knees. Mr. Miller was prescribed medications

to relieve the pain and was referred to a specialist to more closely examine his back and knees in June 2019.

15. As a result of Mr. Miller's medical treatment, the physicians placed him on light duty for work so as not to exacerbate his injuries as the physicians felt that the injuries were a result of the years of physically demanding work he performed with Defendant.

16. Mr. Miller informed John Pat Pickles of his medical treatment, his work restrictions, and the fact that the cause of the injury may be related to the work he performed with Defendant. Mr. Pickles expressed his displeasure with this diagnosis during this conversation.

17. On June 17, 2019, shortly after Mr. Miller informed John Pat Pickles of these facts, Defendant terminated Mr. Miller's employment with the company.

## COUNT I: Violations of the Fair Labor Standard Act (Overtime)

18. Plaintiff realleges the allegations of paragraphs 1-17 above and incorporates them herein by reference.

19. Defendant repeatedly and willfully violated the provisions of §§207 and 215(a)(2) of the FLSA by employing Plaintiff for workweeks longer than 40 hours without compensating him for employment in excess of such hours at rates not less than one-half times the regular rates at which he was employed.

20. By reason of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover all amounts provided by the FLSA including: unpaid overtime compensation, and an additional equal amount as liquidated damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

### COUNT II: Violations of the Fair Labor Standard Act (Retaliation)

21. Plaintiff realleges the allegations of paragraphs 1-20 above and incorporates them herein by reference.

22. Following Plaintiff engaging in a protected activity, by making complaints about Defendant's violations of the FLSA as detailed above, Defendant retaliated against Plaintiff by terminating his employment.

23. By reason of Defendant's willful violation of §215(a)(3) of the FLSA, Plaintiff is entitled to recover all amounts provided by the FLSA including: lost wages and benefits, and an additional equal amount as liquidated damages; compensatory damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

### COUNT III: Workers' Compensation Retaliation (§440.205, F.S.)

24. Plaintiff realleges the allegations of paragraphs 1-23 above and incorporates them herein by reference.

25. Plaintiff was employed with Defendants when he was injured during the course and scope of his employment. Plaintiff sought and/or attempted to seek

benefits including, but not limited to, medical care through Defendant's workers' compensation insurance and was retaliated against for attempting to secure benefits under Florida's Workers' Compensation Law.

26. Defendant's actions violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from discharging, threatening to discharge, intimidating, or coercing any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the state's Workers' Compensation Law.

27. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

**PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

WHEREFORE, Plaintiff demands a trial by jury on all issues herein that are so triable and demands judgment against Defendant for the following:

(a) that process be issued, and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, and any other equitable relief available to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general, liquidated and compensatory damages and economic loss to Plaintiff from Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and award Plaintiff attorney's fees and costs;

(e) award Plaintiff interest where appropriate; and

(f) grant such other further relief as being just and proper under the circumstances.

Respectfully submitted this 14th day of January 2020.

*/s/ Matthew D. MacNamara*
**Matthew D. MacNamara**
Florida Bar No. 113002
matt@scottandwallacelaw.com
SCOTT & WALLACE LLP
209 E. Brevard St.
Tallahassee, Florida 32301
Telephone: (850) 222-7777
Facsimile: (850) 222-7778

Attorney for Plaintiff